UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Plaintiffs, <br><br> v. <br><br> ABANOOB ABDEL-MALAK, <br><br> Defendant. | ) ) ) ) ) ) ) ) CV421-360 ) ) ) ) ) ) |

## **ORDER AND REPORT AND RECOMMENDATION**

*Pro se* party Abanoob Abdel-Malak has purported to remove a criminal prosecution against him from the Superior Court of San Bernardino County, California. *See* doc. 1 at 1. He has also moved to proceed *in forma pauperis*. Doc. 9. Since he appears indigent, that motion is **GRANTED**. Doc. 9. As the Court lacks jurisdiction, the Court recommends that the case be **REMANDED**.[1] The remaining motions are

---

[1] Because the pleadings are styled, at least nominally, as a "notice of removal," the Court makes clear that no such "removal" is appropriate. Such clarity is warranted because removal is potentially an event of jurisdictional significance. *See, e.g., Ackerman v. Exxon Mobile Corp.*, 734 F.3d 237, 249 (4th Cir. 2013) (effective removal, "deprives the state court of further jurisdiction over the removed case and . . . any post-removal actions taken by the state court in the removed case are void *ab initio*." (citation omitted)).

**TERMINATED** with leave to refile pending the disposition of this recommendation by the District Judge. Docs. 8, 10, 11, 12.

Plaintiff seeks to remove a criminal prosecution against him, pursuant to 28 U.S.C. §§ 1443 and 1455.[2] *See* doc. 1 at 2. He alleges he is "being illegally prosecuted" and subjected to a racial epithet by "plaintiffs." *Id.* The Court presumes that the claimed use of a racial epithet is alleged against an employee or agent of the State of California. He further states that the removal is necessary "because the state court refuse [sic] to appoint counsel . . . ." *Id.* The latter issue has, apparently, been resolved as Abdel-Malak's most recent filing objects that "the

---

[2] The notice also cites to 28 U.S.C. § 1651 and "the Writ of Habeus Corpus statute (I forget) the Code [sic]." Doc. 1 at 2. Section 1651 permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). It has no apparent application to Abdel-Malak's attempt to remove his California criminal case to this Court. And, since he does not allege a judgement against him by any state or federal court, neither do 28 U.S.C. §§ 2254 or 2255, which govern some writs of habeas corpus. *See* 28 U.S.C. § 2254(a) (permitting applications for writs of habeas corpus "in behalf of a person in custody *pursuant to the judgment of a State court* . . . " (emphasis added)); 28 U.S.C. § 2255(a) (permitting motion to vacate, set aside or correct a sentence by "[a] prisoner in custody *under sentence of court established by Act of Congress* . . ." (emphasis added)). Section 2241 permits "[w]rits of habeas corpus" as well, but jurisdiction of such petitions is limited to "the court having jurisdiction over the petitioner or his place of incarceration." *Hajduk v. United States*, 764 F.2d 795, 796 (11th Cir. 1985). Although Abdel-Malak's pleading does not specifically allege where he is incarcerated, a cover letter states that it is somewhere in California. *See* doc. 1 at 5. Since neither § 1651 nor any of the other statutory bases for a writ of habeas corpus plausibly apply to this case, the Court has construed the pleading as a notice of removal pursuant to 28 U.S.C. §§ 1443 and 1455.

[California Superior Court] wrongfully appointed [him] an attorney, which [he] never requested . . . ." Doc. 13 at 1.

As this Court has previously explained to Abdel-Malak, he cannot remove a criminal prosecution from California to this Court. *See The People of the State of California v. Abdel-Malak*, CV420-232, doc. 11 at 3 (S.D. Ga. Oct. 7, 2020), *adopted* doc. 33 (S.D. Ga. Jan. 11, 2021). As the District Judge explained in his order remanding the prior case, "[a]ll relevant removal statutes," including 28 U.S.C. §§ 1443 and 1455, "limit removal to the district and division that geographically encompasses the states court before which the underlying case is pending." CV420-232, doc. 33 at 2. As before, none of the pleadings suggest any proceeding against Abdel-Malak within the jurisdiction of this Court. Therefore, the proper venue for his notices is the Central District of California. 28 U.S.C. § 84(c). As the notice of removal was improperly filed in this district, the cases should be **REMANDED** to the Superior Court of San Bernardino County, California. *See Lomax v. Florida*, 472 F. App'x. 902, 902–03 (11th Cir. 2012) (where removal was improper, the district court lacks subject matter jurisdiction and should remand the case pursuant to 28 U.S.C. § 1447(c)).

Given that this is Abdel-Malak's second attempt to improperly remove his criminal prosecution to this Court, and he has filed two other apparently related cases, *see Peirce, et al. v. Hate Crime Victim Jane/John Doe*, CV421-269, doc. 1 (S.D. Ga. Sept. 24, 2021); *People of the State of California v. Hate Crime Victim Jane/John Doe*, CV421-270, doc. 1 (S.D. Ga. Sept. 24, 2021), the Court takes this opportunity to advise Abdel-Malak that frivolous filings may subject him to sanctions. *See, e.g., Moon v. Newsome*, 863 F.2d 835, 837-38 (11th Cir. 1989).

All parties to federal lawsuits, including those proceeding *pro se*, must comport their filings to the requirements of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 11(b) provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or

>   discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R Civ. P. 11(b).  The rule further provides that:

>   (3) On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

>   (4) A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(3)–(4).  It is unclear from the pleadings why Abdel-Malak believes that this removal is not subject to the same geographical limitations as his previous attempt.  However, nothing in the current pleading cites to any authority permitting such a removal, and the Court is unaware of any.  Further attempts to remove cases originating outside of this Court's geographical jurisdiction, that do not assert any basis for avoidance of the removal statutes' clear language, may subject Abdel-Malak to sanctions.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and

this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 28th day of January, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA