IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Plaintiff, | CIVIL ACTION NO.: 4:21-cv-360 |
| v. | |
| ABANOOB ABDEL-MALAK, | |
| Defendant. | |

**O R D E R**

The Magistrate Judge has recommended that *pro se* litigant Abanoob Abdel-Malak's second attempt to remove his California criminal prosecution be dismissed because this Court lacks jurisdiction.  (See doc. 14.)  As the Magistrate Judge pointed out, this Court has already explained the jurisdictional defect in Abdel-Malak's attempted removal once before.  See The People of the State of California v. Abdel-Malak, 4:20-cv-232, doc. 33 (S.D. Ga. Jan. 11, 2021); (see also doc. 14 at 3).  The fourteen-day period for Abdel-Malak to object to the Magistrate Judge's Report and Recommendation has expired.   He has not filed a formal objection, but he has filed an "Emergency Motion to Intervene," (doc. 17), and sent letters to the Clerk of Court, (docs. 18-25.)   The Court will briefly address the contents of those documents.

The "Emergency Motion to Intervene," details Abdel-Malak's attempt to submit pleadings to the Superior Court of San Bernardino County, California.  (See doc. 17 at 2.)  He was not permitted to submit any documents.  (Id. at 2-3.)  His court-appointed attorney later informed him that the presiding judge had found him incompetent.  (Id. at 3.)  Abdel-Malak objects that his court-appointed counsel refused to file certain motions in response to that finding.  (Id. at 3-

4.) He, therefore, asks this Court to appoint counsel for him. (Id. at 4.) He also contends that a United States District Judge is conspiring to deny him access to the United States District Court for the Central District of California and the United States Court of Appeals for the Ninth Circuit. (Id. at 5.) Finally, he asks that the Court order the Federal Bureau of Investigation to "investigate [his] issue." (Id. at 6.) Nowhere in his "Emergency Motion" does he address the Magistrate Judge's recommendation, based on this Court's prior determination, that it lacks jurisdiction over his purported removal. (See generally id.)

His letters to the Clerk do not call the Magistrate Judge's analysis into question, either. In them, Abdel-Malak asks that the Court enter an Order directing the San Bernardino County Sheriff, and his deputies, to give him access to the law library in the San Bernardino County Jail. (Doc. 18 at 1.) He also asks that the Clerk send him "a Petition for a Writ of Habeas Corpus book or ANY [sic] legal material." (Id.; see also doc. 20 (requesting various documents and legal research materials); doc. 21 (requesting a "Petition for Writ of Habeas Corpus" form and IFP application)). His letters confirm the Magistrate Judge's characterization of this case as an attempt to remove a state court prosecution from California. (Doc. 22 at 1 (characterizing this case as a "CRIMINAL case"); docs. 23, 24 & 25 (discussing ongoing criminal proceedings in San Bernadino County, California).)

Malak has not demonstrated how this Court could plausibly exercise jurisdiction over his case. Even if he had suggested some plausible theory for why this Court might be the proper Court for his claims, the Southern District of California, Central District of California, and Northern District of California have all determined that his attempts to remove his California state criminal prosecutions to federal court are improper. See State of California, et al. v. Abanoob Abdel-Malak, 3:20-cv-1426, doc. 7 at 2 (S.D. Cal. July 28, 2020); United States v. Hate Crime

Victim Jane/John Doe, 5:21-cr-213 (C.D. Cal. Nov. 1, 2021) (remanding Malak's criminal proceeding to state court since his removal did not satisfy the requirements of 28 U.S.C. § 1443); Abdel-Malak v. California, 2022 WL 1157493 (N.D. Cal. April 19, 2022) (rejecting attempt to remove criminal matter from the Supreme Court of California, since the court "lacks jurisdiction to entertain the removal petitioner seeks.").

As Abdel-Malak has not identified any fact or argument that calls into question the Magistrate Judge's recommendation that this case should be remanded, the Court concludes that it lacks jurisdiction to consider any of Abdel-Malak's subsidiary requests.  See Lomax v. Florida, 472 F. App'x 902, 902-03 (11th Cir. 2012) (remanding a criminal case to the originating state court based on lack of subject matter jurisdiction).  Accordingly, the Court **ADOPTS** the Report and Recommendation (doc. 14) at its opinion.  The Court **REMANDS** this case to the Superior Courts of California and **DENIES** all pending motions as **MOOT**.  The Clerk of Court is **DIRECTED** to enter the appropriate judgment and to **CLOSE** this case.

**SO ORDERED**, this 12th day of May, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA